Case number is 24-668 I have the opposite problem of our last counsel. You and me both. Now you can see me. All right. Ms. Zellman? Yes, Joanna. I'm going to reserve two minutes for rebuttal. We'll hear from you when you're ready. Great. Good morning, and may it please the Court. My name is Joanna Zellman. I'm counsel for the defendant, Chief Sansom. We are here today on Chief Sansom's appeal of the District Court's decision declining to grant his motion for summary judgment. Although the District Court granted the motions filed by the other two defendants in this matter, it declined to do so with respect to Chief Sansom. All right. So, counsel, you heard me ask some questions about jurisdiction over this interlocutory appeal. Do you want to start by telling me why it is that you have accepted – why it is that we should agree that you've accepted the plaintiff's versions of the facts here? Sure. In this case, the record was very clear. In the process of the statement of facts, in the statement, the plaintiff actually admitted to the majority of the facts. So there was a very clear record on what the plaintiff admitted. Where the plaintiff didn't admit to the facts, we have accepted as true for the purposes of this appeal, the plaintiff said a fact. Is it a factual question whether her misconduct is comparable to the misconduct of the men? Is that a factual question? So in this case, we have accepted as true for purposes of this appeal that there's a factual issue with respect to the comparators. However, that doesn't prevent – If there is a factual issue as to whether they are sufficiently similar for a jury to look at them and say she's being treated worse than them, how do we have interlocutory – how do we have jurisdiction over this appeal? Sure. Because – That seems to me is a factual dispute. Sure. Whether the misdeeds and misconduct is sufficiently similar. Sure. So there's two ways that the Court has jurisdiction. The first is that the factual issue on the comparators gets the plaintiff over the hurdle of the prima facie case. But it doesn't suffice for purposes of the pretext stage, which in this case, because it's not a Title VII case. But aren't you in fact arguing the facts? We are not, Your Honor. It seems to me that you are doing it. Now, the only issue on which I see something is your claim of law that you didn't get a chance to argue against because they decided that doing it on reconsideration is not enough. But at no point do you tell us what you would have argued had they given you a chance, what you would have done on reconsideration or before you. So do you have something that you would have argued had you had that chance? On reconsideration of the Court's decision on motion for summary judgment? Yes. And that's the but-for causation standard. This is not a Title VII claim. This is a Section 1983 claim under the Equal Protection Clause. This Court has made clear that it is a but-for causation standard. Even if there's an issue of fact as to the comparators, we have a decision by the State Board of Mediation and Arbitration which says that there was just cause for her termination. Look, if somebody is fired because they have stolen $20.00. Yes. And then somebody else is not fired because they have stolen $20.00, that's enough, isn't it? It is not on a constitutional equal protection claim at the pretext stage. That is especially true in this case. Why can't a jury say that but-for her being a woman, she would not have been fired? In this case. When you look at all the other conduct, it's close enough. Whether it's $20.00 or $18.00, it's close enough. So there's a couple points to that, Your Honor. Yes. The first is, is that in this case, there were three men who were also investigated by the same investigating officer who were also terminated for conduct that was similar to that of the plaintiff. In addition to that, it is not. That sounds like a factual argument. Again, it's not factual because the plaintiff doesn't dispute that these men were terminated. So it is undisputed that these men. But she does dispute that those are the only relevant comparators, right? So in your brief, you repeatedly, you have like eight pages on similarly situated, which is a factual question. Even the State Board of Mediation decision, from my perspective, it looks like on the briefs there's a factual dispute about its impact and about whether it itself is infected with the problems. So, Your Honor, the only place where we argue about the comparators, okay, the only place where that comes up is under the clearly established prong of the qualified immunity test. Even if there's a factual dispute on the, on the, on the, whether or not they are clearly established, Chief Sansom, it was not clearly established that they were similarly situated to the plaintiff. The district court's decision says, it admits, they were not identically situated. There is no reasonable chief of police who would have looked at this set of facts, known, okay, I'm terminating one woman and three men, but all of these other people are so similarly situated to the plaintiff that it is gender discrimination. Were all the non-terminated employees in this bucket men? They were. They were. I mean, that's not, that is interesting. Yeah. I mean, there were, there's a set of people who were terminated by Chief Sansom. They, four of them, there's four of them, three of them are men, and one of them is female. And that is the plaintiff in this case. And how many from the alleged comparators that were not fired? I'd have to look back in my notes. It's, it's, it's, you know, six maybe. But again, you know, some of the conduct, there is no, I mean, some of the conduct was one issue where somebody, you know, got in a car accident and didn't report it properly. That is not the same as going around to the back of someone's house and breaking a window, which is domestic partner violence, and there's been three prior or two prior issues involving domestic prior, domestic violence prior. Clayton, Clayton had a domestic violence issue? Clayton did. It was. Santiago had issues with a gun? So, so. Both of them had multiple incidents? So, Clayton's issue was, was prior to Chief Sansom becoming, becoming the Chief of Police. It was ten years before. Santiago had one issue. And again, taking the plaintiff's facts, there was two reports that never made it to Chief Sansom, and then there was one report that did, which was the gun issue. But again, it was one issue versus three issues. So, so again, I, look, I concede that the Court found there was an issue of fact on this. I don't, I can't dispute that before you. Right? But I'm saying even taking that as true, it is not clearly established under this fact, these circumstances, that Chief Sansom knew that. And even if, even if it's clearly established, you still have, it was still objectively reasonable for the, for the Chief to terminate him. And, and that is evidenced by the FBI decision. It's certainly objectively reasonable for the Chief to terminate her. The Chief probably should have terminated some of the others as well. But that's, that's, that's the question. He, he did not terminate the, the men. He did terminate her, and a jury could find that she was subjected to the harsher punishment because she was a woman. Yes? But, I think under a Title VII claim, potentially. Okay. Under a 1983 claim, no. Why not? Because the standard is but for. Yeah, but, but, but for. Well, if you fire somebody that has an issue, and you don't fire somebody else, even if there were other reasons, that's enough for but for. That's perfectly clear. But for means that you did it for this reason. The fact that there are other reasons doesn't matter. Well, it has to be a decisive reason. Just don't do, just don't do what you say. It has to be a decisive reason. It can't be the only reason. It can be a reason which was part of a reason but was but for. But you don't need it to be the only reason she was fired. I agree, but it has to be a decisive reason. What does that mean? If it has a reason that was sufficient along with the others, that's enough for but for. So this Court addressed this in Namovsky, and I know I'm over time, but I would like to answer your question, if that's okay. So in Namovsky v. Norisi, which is a leading case from the Second Circuit on this, the Court addressed this issue. It talks about the difference between the motivating factor and the but for causation standard. It's a heightened standard. But for means that it must have a decisive role. The stated reason for the termination must be false or inadequate for the termination. Here, it can't be false or inadequate because we have a decision by the State Court of Mediation and Arbitration saying that determined that there was just cause for the termination. And under the decision in Collins, this — that decision has persuasive and in some cases conclusive effect on how the Court has to analyze. So if you fire somebody and you don't fire others, but you have a reason to fire this person, you're saying that's not enough to do causation. That seems to me absurd. It is a but for cause, even though there were other reasons. And again, Your Honor, in this case, though, we do have men that were fired. So it is — that — So what it boils down to is the differences between the fired — the non-fired men and the fired plaintiff. That's what matters here, is that there are these — that, you know, one of them only had one incident. One of them, it was a crash in a car, not reporting it. But these are important differences between the conduct of the non-fired men and the conduct of the plaintiff. That is true. That is true. And you concede that at qualified immunity. Now, it may be that at trial, it turns out that that isn't so. But at qualified immunity, you have to concede that fact. And when you've conceded that fact, then the causation issue, which is a legal issue that you can raise here, then that issue is, as I've stated it, that somebody is fired, that you had a reason to fire, but was also fired because an admitted thing for a sexual reason. And that is enough to be a but-for cause. I'm out of time. I will reserve for rebuttal. You have two minutes for rebuttal. And we'll hear from counsel for the plaintiff. You have 10 minutes. You might want to raise that. Yes, Judge, I was just going to — I don't want to take up too much time, but I'm a little taller. Is that good, Your Honor? May it please the Court, James Brewer for the plaintiff, Pelley, Lisa Freeman. The district court correctly denied Defendant Sampson's motion for summary judgment. The district court found sufficient evidence in the record, as this Court has recognized, to create a genuine issue of material fact as to whether gender discrimination was a, not one of many, but a cause of Sampson's decision, which would not allow him the benefit of qualified immunity. Defendant Sampson's — Do you think we have jurisdiction? Excuse me, Your Honor? Do you think we have jurisdiction? No. That's the next point I was going to make, Your Honor. Your Honor, as you correctly held in your opinion and joke, this appeal should be dismissed for lack of jurisdiction. I won't — Why don't we have jurisdiction to discuss the legal issue of what causation is required? That is, if we assume all the facts, and if that were all there were to it, we wouldn't have jurisdiction. But she also makes the argument that with all those facts, that is not enough to be causation. So don't we at least have jurisdiction to answer the causation question? Now, I've suggested how I would answer it, but don't we at least have jurisdiction to say, oh, come now, if somebody is fired, both for a reason which would be valid and for a discriminatory reason, under this law, that is enough to be causation but for. Don't we have jurisdiction to discuss that issue? And shouldn't we do it to make it clear, given that she's made this argument to the contrary? Well, no, Your Honor, respectfully, I think that that would just turn the whole basis of this Court's decision and joke and its progeny, Saleem, all those cases that try to avoid these preliminary and inappropriate, improper appeals. The Court will be logjammed with questions on appeal in an interlocutory — easy for me to say — interlocutory basis when the record's not complete. We've heard that today. The defendants and the appellants here have continually argued. They argue it in their brief. They argue it today. Facts. Facts that Judge Bolden determined. This Court, I suppose, in some way could, you know, on the basis of summary judgment, and that they — Now, don't they also make this legal argument? They do, but I think they do it in such a twisted way, Judge, that it's really difficult to respond to. I mean, to argue in one hand that they accept the facts that are alleged by the plaintiff, and more significantly, that were given weight by Judge Bolden in his determination that there could be a but-for cause for plaintiff's termination that was based upon her gender. I mean, that's what Judge Bolden ruled in his summary judgment decision.  I mean, let me put what is the legal issue that they argue. They say that even admitting, which they don't, that even admitting that the comparators were different. Then, because she was fired for a reason that was valid, as well as a reason that was invalid, that is not enough to be a but-for cause. Now, that's a legal question. Right. But I would push back, Your Honor, and say, well, just because you have some valid basis that you want to point to, right, and which the Court found, that there was an adequate basis, but later found that did not survive the argument on pretext, right, the pushback under the McDonnell-Douglas shift burden. The plaintiff submitted enough evidence. And I will point to the record, and also to Judge Bolden's statement, that the plaintiff said, and the Court gave weight to this, that Chief Sampson couldn't articulate he had many reasons for his reason for terminating the plaintiff. So, Judge, just let me ask you, why do you care? Why do I care about what you say? You decided on no jurisdiction or no jurisdiction as to all but this legal issue, and then decide the legal issue your way. Why do you care? Well, I don't know. I may care. I know. You're probably right, Judge. I should care more. You can take it either way. I'll take a win anyway. I can get it, Judge. That's how I've lived my life. But, yes, Your Honor, I think that, you know, at the end of the day, the defendants have every right to appeal any decision that's made in this case, right? And so it's premature. I mean, even to the point that in their reply brief, they supplemented the record with this claim that the other factor that Judge Bolden used regarding Deputy Chief, and at the time, Lieutenant Litwin's calling the plaintiff and women in general, women officers, crazy, that that should have been, that fact should not have been used by Judge Bolden. Well, the reality is that we will later show that he was, Litwin was the executive officer, chief of staff to Chief Sampson. Of course, the case law does not distinguish between deputy chief versus an influencer. So with that in mind, Your Honor, I will leave it at this, that the district court found that the comparators were valid, that the jury will ultimately determine whether or not the but-for cause or the but-for argument and that the plaintiff should have her day in court. And the last thing I would mention, Judge, because it was sort of spoken about by counsel, is this whole SBA, this whole Collins decision, a nightmare for me. But, you know, where the courts, this Court has said that if an arbitration decision goes against a plaintiff in a later civil rights or Title VII case, it can be used as probative, as evidence for the judge to consider. Well, Judge Bolden did consider that evidence. He gave it whatever weight he gave it to. This Court could later or now, I say later, could give it more weight. But the trial court did know about that. Of course, it's been briefed tremendously and determined that because that arbitration panel did not look into the plaintiff's discrimination claims, he would not rely on it. It's not raised judicata. It's not, you know, a ruling that he had to adhere to. It's merely more evidence. Certainly something that the plaintiff, I'm sorry, that the defendants wanted to rely on. And whether or not Chief Sampson was clearly, whether the law was clearly established, I think in Rispado, there's no doubt that the Equal Protection Clause affords a cause of action to a plaintiff for sex discrimination. And with my two minutes left, I have nothing further unless there's questions you have. Let me just confirm. It looks like from the docket, this has been, the summary judgment order was entered in February 2024. Yes, about a year ago, Your Honor. And so there has been at least a, this appeal has to date caused a delay of at least a year or 13 months. Yes, Your Honor. And unless we turn it around in 24 hours. Yes, Judge. I should have worked harder over the summer, Judge, to be honest. But, all right. So that, it has been about a year since summary judgment was entered. Yes, Your Honor. All right. Thank you. Okay. Thank you, Your Honor. All right. Ms. Delman, you've reserved two minutes for rebuttal. Thank you, Your Honors. So the first thing I want to address is the issue of Joshua Litwin, who is not a defendant in this case. The alleged statement that was made by him, which again, we'll accept is true, was made in 2014. During the time of the second IA, he was a sergeant at the time, and he conducted that investigation. None of that is in dispute. The allegation is that he made the statement that Ms. Freeman is, quote, crazy. There is no, nothing in this record that Litwin had any role at all in the decision to terminate Lisa Freeman six years later. He was not a deputy chief at the time. That is not in the record below that he was a deputy chief at the time. And this Court can take judicial notice of the fact that he was a sergeant at the time. He did not become deputy chief until after the plaintiff was terminated. This is a red herring. He is, this is not a Title VII claim, as I've said. This is a Section 1983 claim. Chief Sansum can only be liable for his own conduct. This Court has talked about the cat's paw theory. The district courts below have rejected that a statement made by another person can be imputed on a Section 1983 equal protection clause. This is a red herring and should be ignored. And that is a legal issue. The district court did give weight to this, but it was a clearly erroneous State to have done so in the context of the Section 1983 claim. So I did want to address that briefly. The other thing that I briefly wanted to address was the plaintiff's argument on the Collins decision. I note that the Collins decision itself, the underlying arbitration decision, did not address his discrimination claims. A majority of the cases that have applied the Collins ruling did not address the discrimination claims. And yet in each of those cases, the Court gave weight to the decision of the arbitration panel because there was no allegation of bias and there was no, there was no argument that there was a clear mistake made by the, by the arbitration panel. In this case, the plaintiff does not argue that the State Board of Mediation arbitration was biased and does not argue that the State Board of Mediation decision was wrong. In addition, the State Board of Mediation arbitration, they did hear comparators. Many, if not most, of the comparators that the plaintiff now raises here were also raised at the State Board of Mediation arbitration. The State Board of Mediation arbitration found that none of them, none of their conduct was comparable to the plaintiff's. This, again, is an argument of fact over what the district court found about comparators. Well, the district court really doesn't even address the State Board of Mediation arbitration decision. It glosses over it. It doesn't address the Collins decision. It doesn't address anything. It may have been wrong in its findings of fact, but you can't argue those findings of fact. Again, though, Your Honor, as you've stated to my esteemed colleague here, is that we're arguing a legal issue. We're arguing a causation issue. All right. Thank you, counsel. We have your arguments. Thank you both for your arguments today. Everything that's been argued and submitted is reserved and on submission.